# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SCOTT HOCKENBERRY, | ) |
|     Plaintiff, | ) ) ) |
| v. | )   Case No. CIV-19-1111-G ) |
| MICHELLE BETH KALAS, | ) ) |
|     Defendant. | ) |

## ORDER

Now before the Court is the Motion to Strike (Doc. No. 13) filed by the United States of America (the "Government"). Plaintiff Scott Hockenberry has responded (Doc. No. 14), the Government has filed a Reply (Doc. No. 15), and the Motion is now at issue.

*I.  Background*

Plaintiff initially filed this lawsuit in the District Court of Comanche County, Oklahoma, alleging that Defendant Michelle Beth Kalas had made "false and defamatory statements" to law enforcement, U.S. Army officials, and other individuals regarding alleged sexual assault committed by Plaintiff. Compl. ¶ 6 (Doc. No. 1-2). Plaintiff alleges that Defendant's conduct constituted "defamation, tortious interference, invasion of privacy, intentional infliction of emotional distress, and abuse of process." *Id.* ¶ 16.

On November 26, 2019, the action was removed to this Court on the basis of a certification by the United States Attorney for the Western District of Oklahoma that Defendant "was an employee of the United States acting within the scope of her employment at the time of the allegedly negligent or wrongful acts or omissions that form

the basis of the plaintiff's claims." *See* Removal Certification (Doc. No. 1-1); 28 U.S.C. § 2679(d)(2). On December 2, 2019, the Government filed a "Notice of Substitution of Parties," advising the Court that "pursuant to 28 U.S.C. § 2679(d) the United States of America is substituted as the party defendant herein for Michelle Beth Kalas." Gov't Notice (Doc. No. 3) at 1. The Notice likewise includes a certification that Defendant was acting within the scope of her federal employment at the time of the allegedly wrongful acts or omissions. *See id.* at 1-2; 28 U.S.C. § 2679(d)(1).

The Government also filed a Motion to Dismiss (Doc. No. 5), arguing that based upon the scope-of-employment certification noted above, the Federal Tort Claims Act is the exclusive remedy for this action and that Plaintiff's claims are barred under that Act. In his Response, Plaintiff challenges the Government's jurisdiction argument but also challenges the propriety of the Government's § 2679(d) certification and substitution as the defendant in this lawsuit. *See* Pl.'s Resp. to Mot. to Dismiss (Doc. No. 10) at 6-29. More specifically, Plaintiff asserts that Ms. Kalas' acts were not taken within the scope of employment and requests that the certification be stricken and Ms. Kalas be re-substituted as the defendant. *See id.* at 6.

The Government then filed its Motion to Strike this Response, arguing that the Response: (i) improperly includes a separate motion, which violates Local Civil Rule 7.1(c) and does not allow the Government an adequate opportunity to respond; and (ii) contains "redundant, immaterial, impertinent, or scandalous matter" that the Court should strike pursuant to Rule 12(f) of the Federal Rules of Civil Procedure.

2

*II.    Discussion*

Although the United States' § 2679 certification is conclusive for purposes of removal, "a plaintiff may obtain judicial review of the scope-of-employment certification" and, "if a federal court determines that the certification in a removed case was incorrect, the federal employee may be re-substituted as the defendant for purposes of trial." *Perkins v. United States*, No. CIV-09-624-D, 2009 WL 2169844, at *1 (W.D. Okla. July 20, 2009) (citing *Osborn v. Haley*, 549 U.S. 225 (2007)). The certification signed by the United States Attorney "is prima facie evidence" that a defendant's conduct "was within the scope of [her] employment." *Richman v. Straley*, 48 F.3d 1139, 1145 (10th Cir. 1995). The plaintiff thus "bears the burden of rebutting the scope-of-employment certification with specific facts." *Id.*; *see also Williams v. United States*, 780 F. App'x 657, 661 (10th Cir. 2019) (noting that a plaintiff challenging substitution "must produce evidence to show the conduct was outside the scope of employment"). "Only when the plaintiff produces evidence that an employee was not acting in the scope of [her] employment does the United States need to produce evidentiary support for its certification." *Stout v. Okla. ex rel. Okla. Highway Patrol*, Nos. CIV-13-753-WPJ, CIV-14-427-WPJ, 2015 WL 127820, at *3 (W.D. Okla. Jan. 6, 2015).

Plaintiff's Response to the Motion to Dismiss attempts to rebut the certification through both counsel's argument and the attachment of multiple exhibits. And while the Court recognizes that 28 U.S.C. § 2679 "does not outline a procedure for challenging substitution," the Court is required to "identify and resolve" any disputed fact issues regarding Defendant's scope of employment. *Williams*, 780 F. App'x at 661; *Fowler v.*

3

*United States*, 647 F.3d 1232, 1241 (10th Cir. 2011). In doing so, both parties must have the opportunity to fully apprise the Court of their positions; the Government should not have to adhere to the deadline and page limit applicable to a reply brief. In addition, full briefing is warranted on Plaintiff's suggestion that limited discovery, and possibly a hearing, may be appropriate in resolving this issue. *See* Pl.'s Resp. at 10; *see also Fowler*, 647 F.3d at 1241 ("If there are disputed issues of fact, the district court should hold such hearings as appropriate (including an evidentiary hearing if necessary), and make the findings necessary to decide the . . . certification question." (internal quotation marks omitted)); *Stout*, 2015 WL 127820, at *5 (finding no hearing was necessary where "only one reasonable conclusion can be drawn from the facts" (internal quotation marks omitted)).

Accordingly, Plaintiff's Response to the Motion to Dismiss shall be stricken for improperly including a separate motion. *See* LCvR 7.1(c) ("A response to a motion may not also include a motion or a cross-motion made by the responding party.").[1] The Court will take up the Motion to Dismiss following resolution of the certification and substitution issues. If the Government's original Motion to Dismiss then remains pending, Plaintiff shall be permitted to file an amended response.

---

[1] Because the Response should be stricken on this basis, the Court need not address the Government's alternative argument but notes that the Response is not a "pleading" and thus the applicability of Rule 12(f) is unclear. *See* Fed. R. Civ. P. 7(a).

CONCLUSION

For the reasons outlined herein, the Government's Motion to Strike (Doc. No. 13) is GRANTED. Plaintiff's Response (Doc. No. 10) is hereby STRICKEN.

Plaintiff may file a motion challenging the Government's § 2679 certification and substitution as defendant within 21 days of the issuance of this Order. The motion shall be subject to the standard response and reply deadlines prescribed by this Court's Local Civil Rules. The parties' briefing should specifically address the Court's ability to consider evidence outside the pleadings at this juncture and whether and how limited discovery, and possibly a hearing, should be ordered by the Court as to any specific issue or issues.

IT IS SO ORDERED this 28th day of February, 2020.

_____
CHARLES B. GOODWIN
United States District Judge