UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SCOTT HOCKENBERRY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-19-1111-G |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Now before the Court is a Motion to Dismiss (Doc. No. 5) filed by Defendant United States of America ("the Government"). Plaintiff Scott Hockenberry has filed a Response (Doc. No. 31).

*I.   Background*

Plaintiff initially filed this lawsuit in the District Court of Comanche County, Oklahoma, alleging that Michelle Beth Kalas had made "false and defamatory statements" to U.S. Army officials, law enforcement, and other individuals regarding an alleged sexual assault and other conduct allegedly committed by Plaintiff. Compl. (Doc. No. 1-2) ¶ 6.

On November 26, 2019, the action was removed to this Court on the basis of a certification by the United States Attorney for the Western District of Oklahoma that Ms. Kalas "was an employee of the United States acting within the scope of her employment at the time of the allegedly negligent or wrongful acts or omissions that form the basis of the plaintiff's claims." Certification (Doc. No. 1-1); *see also* 28 U.S.C. § 2679(d)(2). On December 2, 2019, the Government filed a "Notice of Substitution of Parties," advising the

Court that "pursuant to 28 U.S.C. § 2679(d) the United States of America is substituted as the party defendant herein for Michelle Beth Kalas." Gov't Notice (Doc. No. 3) at 1. The Notice likewise includes a certification that Ms. Kalas was acting within the scope of her federal employment at the time of the allegedly wrongful acts or omissions. *See id.* at 1-2; 28 U.S.C. § 2679(d)(2). On March 5, 2021, the Court denied Plaintiff's challenge to the Government's certification and to the Government's substitution as defendant. *See* Order of Mar. 5, 2021 (Doc. No. 28) at 13.

    II.    *The Government's Motion to Dismiss*

As stated in the Court's Order of March 5, 2021, this litigation is governed by the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-2680. *See Osborn v. Haley*, 549 U.S. 225, 230 (2007); 28 U.S.C. § 2679(d)(4); *FDIC v. Meyer*, 510 U.S. 471, 476 (1994) ("[I]f a suit is 'cognizable' under § 1346 of the FTCA, the FTCA remedy is 'exclusive.'"). In its Motion to Dismiss, the Government argues that the Court lacks subject-matter jurisdiction over Plaintiff's claims for several reasons and seeks dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1).

A Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction takes one of two forms: a facial attack or a factual attack. *Pueblo of Jemez v. United States*, 790 F.3d 1143, 1148 n.4 (10th Cir. 2015). Here, the Government makes a facial attack on the sufficiency of the allegations contained in the Complaint. *See* Def.'s Mot. at 2-14. In reviewing a facial attack, a district court confines its analysis to the pleadings and must accept the allegations in the complaint as true. *Pueblo of Jemez*, 790 F.3d at 1148 n.4.

### A. *Whether Plaintiff's Claims Are Barred by Sovereign Immunity*

The Government first argues that consideration of Plaintiff's claim is barred by the doctrine of sovereign immunity. "Sovereign immunity generally shields the United States, its agencies, and officers acting in their official capacities from suit." *Wyoming v. United States*, 279 F.3d 1214, 1225 (10th Cir. 2002). "The concept of sovereign immunity means that the United States cannot be sued without its consent. Such consent may be found only when Congress unequivocally expresses its intention to waive the government's sovereign immunity in the statutory text." *Governor of Kan. v. Kempthorne*, 516 F.3d 833, 841 (10th Cir. 2008) (citation and internal quotation marks omitted); *see also Meyer*, 510 U.S. at 475 ("Sovereign immunity is jurisdictional in nature.").

The FTCA "waive[s] the sovereign immunity of the United States for certain torts committed by federal employees." *Meyer*, 510 U.S. at 475 (citing 28 U.S.C. § 1346(b)). Specifically, the statute renders the United States potentially liable on

> claims against the United States, for money damages, . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1). Courts should not "extend the waiver beyond that which Congress intended" or "assume the authority to narrow the waiver that Congress intended." *Smith v. United States*, 507 U.S. 197, 203 (1993) (internal quotation marks omitted).

The FTCA "limits its waiver of sovereign immunity in a number of ways." *Sosa v. Alvarez-Machain*, 542 U.S. 692, 700 (2004). As relevant here, the statute "provides that

3

[its] broad grant of jurisdiction 'shall not apply to . . . [a]ny claim arising out of . . . ' specified intentional torts." *Sheridan v. United States*, 487 U.S. 392, 398 (1988) (alteration and first omission in original) (quoting 28 U.S.C. § 2680(h)). Specifically, the FTCA limits its waiver of sovereign immunity to exclude "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, *abuse of process*, *libel*, *slander*, *misrepresentation*, *deceit*, *or interference with contract rights*." 28 U.S.C. § 2680(h) (emphasis added).

Plaintiff alleges that Ms. Kalas' conduct constituted "defamation, tortious interference, invasion of privacy, intentional infliction of emotional distress, and abuse of process." Compl. ¶ 16. The Government argues that these claims each "arise[] out of" the intentional torts specified in § 2680(h) and, therefore, are not encompassed within the FTCA's waiver of sovereign immunity. 28 U.S.C. § 2680(h); *see* Def.'s Mot. at 4-6.

With regard to Plaintiff's claims for defamation, tortious interference, invasion of privacy, and abuse of process, Plaintiff does not dispute the Government's assertion or offer any contrary authority. *See* Pl.'s Resp. at 3. The Court concurs with the Government that these claims fall within the § 2680(h) intentional-torts exception and are barred by the United States' sovereign immunity. *See Wyoming*, 279 F.3d at 1225; 28 U.S.C. § 2680(h); *Cooper v. Am. Auto. Ins. Co.*, 978 F.2d 602, 613 (10th Cir. 1992); *Edmonds v. United States*, 436 F. Supp. 2d 28, 35 (D.D.C. 2006).

Citing *Estate of Trentadue ex rel. Aguilar v. United States*, 397 F.3d 840 (10th Cir. 2005), Plaintiff argues that § 2680(h) "does not bar claims for intentional infliction of emotional distress." Pl.'s Resp. at 3. Plaintiff overstates the relevant holding of *Trentadue*.

4

In that case, the plaintiffs brought suit against the government for various acts of misconduct undertaken in connection with the death of a federal inmate and subsequent investigation. After the plaintiffs won damages on their intentional infliction of emotional distress ("IIED") claim, the government appealed, arguing that the IIED claim was barred because it fell within the FTCA's "misrepresentation" exception of § 2680(h). *See Estate of Trentadue*, 397 F.3d at 847-51, 853-55. The appellate court rejected the government's contention, noting that certain components of a misrepresentation claim were absent from the record and, thus, the plaintiffs' claims were not barred by the "misrepresentation" exception. *See id.* at 854-55. Contrary to Plaintiff's suggestion, *Trentadue* does not stand for the proposition that IIED claims fall beyond the reach of § 2680(h) as a categorical matter.

Section 2680(h) bars any claim "arising out of" an enumerated tort. 28 U.S.C. § 2680(h). Here, Plaintiff's IIED claim "aris[es] out of" two torts that are excepted under § 2680(h)—namely, libel and slander. Indeed, Plaintiff's defamation and IIED claims are predicated on the same "false statements and accusations" that allegedly caused Plaintiff to suffer "severe emotional distress" in addition to financial loss and reputational damage. Compl. ¶¶ 12, 14, 17. Because Plaintiff's IIED claim is derivative of conduct and claims that are excepted under § 2680(h), the claim is barred under § 2680(h). *See Trujillo v. United States*, 313 F. Supp. 2d 1146, 1152 (D.N.M. 2003); *Cooper*, 978 F.2d at 613 ("[L]ibel and slander, which are the equivalent of defamation, are . . . excepted from the FTCA waiver of sovereign immunity by 28 U.S.C. § 2680(h)." (citations omitted)); *Buxton v. United States*, Civ. No. 09-5057, 2011 WL 4528337, at *11 (D.S.D. Apr. 1, 2011) (R. &

5

R.) (treating IIED claims as excepted under § 2680(h) because they were premised on "the same conduct which formed the basis of" excepted claims), *adopted*, 2011 WL 4528329 (D.S.D. Sept. 28, 2011). *See generally United States v. Shearer*, 473 U.S. 52, 55 (1985) (discussing the "sweeping language" of § 2680(h)'s "arising out of" exclusion).

### B. Remaining Arguments

"If a claim against the government falls within an exception to the FTCA, the cause of action must be dismissed for want of federal subject matter jurisdiction." *Estate of Trentadue*, 397 F.3d at 853. Because Plaintiff's claims all fall within § 2680(h) exceptions, this action shall be dismissed pursuant to Rule 12(b)(1). The Court need not reach the United States' remaining arguments for dismissal.[1]

## CONCLUSION

For the foregoing reasons, the United States' Motion to Dismiss (Doc. No. 5) is GRANTED. Plaintiff's claims are DISMISSED WITHOUT PREJUDICE pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. A separate judgment shall be entered.

The United States' Motion to Strike (Doc. No. 32) is DENIED AS MOOT.

---

[1] Plaintiff nominally asserts that, in lieu of dismissal, he should be permitted to amend his Complaint to add a "stigma-plus" claim. Pl.'s Resp. at 3-4 (citing *Williams v. United States*, 780 F. App'x 657 (10th Cir. 2019)). Even assuming it would not be barred, proving such a claim requires a plaintiff to show "an alteration in legal status." *Williams*, 780 F. App'x at 663 (internal quotation marks omitted). Plaintiff fails to explain how he would so plead or why justice requires amendment at this stage. *See* Fed. R. Civ. P. 15(a)(2); *cf.* LCvR 15.1 (requiring proposed pleading to be submitted with motion to amend).

IT IS SO ORDERED this 29th day of March, 2021.

CHARLES B. GOODWIN
United States District Judge