# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SCOTT HOCKENBERRY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-19-1111-G |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Now before the Court is Plaintiff Scott Hockenberry's Motion for Discovery (Doc. No. 58). The Government has filed a Response (Doc. No. 59), and the motion is now at issue.

I.   *Background*

Plaintiff initially filed this lawsuit in the District Court of Comanche County, Oklahoma, alleging that Michelle Beth Kalas had made "false and defamatory statements" to U.S. Army officials, law enforcement officers, and other individuals regarding a sexual assault and other conduct allegedly committed by Plaintiff. Compl. (Doc. No. 1-2) ¶ 6.

On November 26, 2019, the action was removed to this Court on the basis of a certification by the United States Attorney for the Western District of Oklahoma that Kalas "was an employee of the United States acting within the scope of her employment at the time of the allegedly negligent or wrongful acts or omissions that form the basis of the plaintiff's claims." Certification (Doc. No. 1-1); *see also* Gov't Notice (Doc. No. 3) at 1-2; 28 U.S.C. § 2679(d)(2).

On March 5, 2021, the Court denied Plaintiff's challenge to the Government's certification and to the Government's substitution as defendant. *See* Sealed Order of Mar. 5, 2021 (Doc. No. 28). The Court then dismissed this matter pursuant to Federal Rule of Civil Procedure 12(b)(1). *See* Order of Mar. 29, 2021 (Doc. No. 33).

Upon Plaintiff's appeal, the Tenth Circuit reversed the order of dismissal, directing that an evidentiary hearing was required as to Plaintiff's challenge to the scope-of-employment ("SOE") certification due to disputed fact issues presented by the evidentiary record. *See Hockenberry v. United States*, 42 F.4th 1164, 1172-75 (10th Cir. 2022). The Tenth Circuit further stated:

> [Plaintiff] may request to conduct limited discovery prior to the evidentiary hearing. The district court should determine in the first instance whether and to what extent discovery should be allowed.

*Id.* at 1175 n.4 (citing *Fowler v. United States*, 647 F.3d 1232, 1235 (10th Cir. 2011)).

Following remand, Plaintiff filed the instant Motion, requesting leave to conduct discovery for a four-month period prior to the SOE evidentiary hearing. *See* Pl.'s Mot. at 1-7. The Government opposes Plaintiff's request but represents that if discovery is permitted, the Government will seek to depose Plaintiff, either in the Court's presence or through questioning by the Court itself. *See* Gov't's Resp. at 5-29.

II.   Discussion

   A. *Applicable Standards*

Following removal under 28 U.S.C. § 2679(d)(2), an SOE certification signed by the United States Attorney is "subject to de novo review" but constitutes "prima facie evidence that an employee's challenged conduct was within the scope of [her]

employment." *Richman v. Straley*, 48 F.3d 1139, 1145 (10th Cir. 1995). The plaintiff "bears the burden of rebutting the scope-of-employment certification with specific facts." *Id.*; *accord Williams v. United States*, 780 F. App'x 657, 661 (10th Cir. 2019) (noting that a plaintiff contesting substitution "must produce evidence to show the conduct was outside the scope of employment"); *see also Maron v. United States*, 126 F.3d 317, 323 (4th Cir. 1997) (explaining that the plaintiff must prove her position by a preponderance of the evidence); *Billings v. United States*, 57 F.3d 797, 800 (9th Cir. 1995) (same). "Only when the plaintiff produces evidence that an employee was not acting in the scope of [her] employment does the United States need to produce evidentiary support for its certification." *Stout v. Okla. ex rel. Okla. Highway Patrol*, Nos. CIV-13-753-WPJ, CIV-14-427-WPJ, 2015 WL 127820, at *3 (W.D. Okla. Jan. 6, 2015); *accord Maron*, 126 F.3d at 323.

Although 28 U.S.C. § 2679 "does not outline a procedure for challenging substitution," the Court is required to "identify and resolve" any factual disputes regarding the scope of employment. *Williams*, 780 F. App'x at 661 (internal quotation marks omitted). "If there are disputed issues of fact, the district court should hold such hearings as appropriate (including an evidentiary hearing if necessary) . . . and make the findings necessary to decide the [SOE] certification question." *Fowler*, 647 F.3d at 1241 (internal quotation marks omitted).

While "[i]mmunity-related issues" such as the validity of the SOE certification "should be decided at the earliest opportunity," courts have discretion to permit "limited discovery" prior to hearing the plaintiff's challenge. *Osborn v. Haley*, 549 U.S. 225, 253

3

(2007); *Fowler*, 647 F.3d at 1235; *see, e.g.*, *Lavalley v. Univ. of N.M. Bd. of Regents*, No. Civ. 15-763, 2016 WL 9447759, at *2 (D.N.M. Mar. 10, 2016). "[T]he district court should ensure that both the discovery and the hearing are circumscribed as narrowly as possible, although these are matters within its discretion." *Schrob v. Catterson*, 967 F.2d 929, 936 (3d Cir. 1992).

### B. Disputed Factual Issues

"Scope of employment" for purposes of § 2679(d) "is defined by the respondeat superior law of the state where the incident occurred." *Richman*, 48 F.3d at 1145. Relevant here, under Oklahoma law the issue of respondeat superior liability normally is "a question of fact to be determined by the jury from all the surrounding circumstances." *Baker v. Saint Francis Hosp.*, 126 P.3d 602, 606 (Okla. 2005).

"Under the theory of respondeat superior, one acts within the scope of employment if engaged in work assigned, or if doing that which is proper, necessary and usual to accomplish the work assigned, or doing that which is customary within the particular trade or business." *Nail v. City of Henryetta*, 911 P.2d 914, 917 (Okla. 1996). Further, "[a]n employee's act is within the scope of employment if it is incident to some service being performed for the employer or arises out of an emotional response to actions being taken for the employer." *Id.* at 918 (internal quotation marks omitted).

> In general terms it may be said that an act is within the 'course of employment' if (1) it be something fairly and naturally incident to the business, and if (2) it be done while the servant was engaged upon the master's business and be done, although mistakenly or illadvisedly, with a view to further the master's interest, or from some impulse of emotion which naturally grew out of or was incident to the attempt to perform the master's

4

business, and did not arise wholly from some external, independent, and personal motive on the part of the servant to do the act upon his own account.

*Ada-Konawa Bridge Co. v. Cargo*, 21 P.2d 1, 2 (Okla. 1932) (internal quotation marks omitted).

The Court therefore must decide if Kalas' acts "were so far removed from any work-related endeavor and geared, instead, toward a personal course of conduct unrelated to her work . . . that it would no longer be appropriate to hold her employer responsible for her act(s)." *Baker*, 126 P.3d at 607. The appellate court specified that in determining "the purpose or motivation behind [Kalas'] acts," "[i]f Kalas fabricated her reports of misconduct, a reasonable conclusion could be drawn that she was wholly motivated by an external, personal purpose and therefore acted outside of the scope of her employment in making the statements." *Hockenberry*, 42 F.4th at 1171-72 (internal quotation marks omitted). "[T]he validity of the SOE certification in this case may overlap with the merits of [Plaintiff's] claims and will likely turn on a credibility determination." *Id.* at 1174.

### C. Plaintiff's Request for Discovery

The Government first objects that pre-hearing discovery is not necessary, primarily because the veracity of Kalas' allegations regarding Plaintiff's sexual misconduct already has been examined in court-martial proceedings against Plaintiff. The Government essentially argues that Kalas' veracity and Plaintiff's culpability are two sides of the same coin, such that the court-martial proceedings provide a fulsome record for the parties to present to this Court in connection with Plaintiff's SOE challenge. *See* Gov't's Resp. at 5-6, 17-27. The Court disagrees.

While there is obvious "overlap" between the merits of Plaintiff's legal claims against Kalas and Kalas' motivation in accusing Plaintiff, an important distinction lies between them. Plaintiff's denial of Kalas' factual accusations—the denial that underlies his tort claims—does not preclude a finding that Kalas made those accusations within the scope of her employment, but the showing of a "wholly . . . external, independent, and personal motive" on Kalas' part would preclude such a finding. *Ada-Konawa Bridge Co.*, 21 P.2d at 2 (internal quotation marks omitted); *see Hockenberry*, 42 F.4th at 1172-73; *Loehndorf v. United States*, No. C14-0106, 2014 WL 3752120, at *3, 8 (W.D. Wash. July 30, 2014). Given Plaintiff's "present[ation] [of] evidence contradicting the certification" and "alleg[ation] [of] facts that plausibly suggest [Kalas] acted outside the scope of her employment," the Court concludes that limited discovery is appropriate and finds good cause for such discovery to proceed. *Garcia v. Reed*, 227 F. Supp. 2d 1183, 1188 (D.N.M. 2002) (citing *Schrob*, 967 F.2d at 935-36); *White v. United States*, 419 F. App'x 439, 443 (5th Cir. 2011); *see Hockenberry*, 42 F.4th at 1174.

The Government next objects that much of Plaintiff's proposed discovery, particularly with respect to third parties, is overly broad and seeks information that is irrelevant to the material factual disputes discussed above. *See* Gov't's Resp. at 10-17. This objection is well taken. Plaintiff vaguely outlines several categories of discovery that he would seek to propound prior to the Court's SOE hearing. *See* Pl.'s Mot. at 2-6. For the most part, Plaintiff fails to adequately show how these discovery requests are relevant or necessary to shed light on the relevant factual dispute—i.e., Kalas' motivation for reporting her accusations. *See, e.g.*, *id.* at 5-6 (representing that Plaintiff intends to ask the

6

Government about its internal process for SOE certification and about policies for employees' reporting of alleged assaults); *cf. Loehndorf*, 2014 WL 3752120, at *4 (noting that the parties submitted substantial documentary evidence but only the plaintiff and the employee testified at the evidentiary hearing).[1]

Accordingly, the Court shall permit limited[2] discovery but concludes that such discovery must be circumscribed as set forth below:

1. The parties shall have 120 days from the date of issuance of this Order to conduct discovery. The topic of such discovery shall be limited to the issue of whether Kalas was acting within the scope of her employment under Oklahoma law at the time of the incident out of which Plaintiff's claims arose and, more specifically, to the factual disputes regarding motivation and fabrication bearing upon that issue.

2. Specifically:

    a. Plaintiff may depose and serve written discovery upon Kalas. The Government's request to depose and serve written discovery upon Plaintiff is likewise granted. As to the depositions of Plaintiff and Kalas, counsel for the parties are directed to meet and confer in advance regarding the arrangements and the proposed topics for questioning. If they are unable to reach agreement, either party may seek relief from the Court. The Court declines at this time to oversee or conduct any

---

[1] The Government represents that its certification process is "privileged and deliberative." Gov't's Resp. at 14-16.

[2] The parties already are in possession of trial testimony, statements, interviews, and evidentiary material from Plaintiff's court-martial proceedings. While the Court agrees that additional discovery is proper, these materials give the parties a good start on the collection of evidence for the hearing.

      deposition but will consider a written motion reurging this request if one is submitted.

    b. Plaintiff may serve deposition and document subpoenas upon Ms. Schwennsen, Mr. Howe, and Ms. Bloom.

    c. Plaintiff's request is denied as to the other referenced categories of discovery, without prejudice to being reurged if accompanied by reasoned argument as to how such discovery is warranted at this point in the proceedings.

    d. If either party seeks to depose any witness or request/subpoena any documents other than specifically addressed above, counsel for the parties are directed to confer regarding any such request. If the parties agree that the proposed deposition or document request/subpoena is proper, the discovery may proceed without specific approval by the Court. If they are unable to reach agreement, either party may seek relief from the Court.

3. All pre-hearing discovery disputes shall be subject to the meet-and-confer requirements of Federal Rule of Civil Procedure 37(a)(1) and Local Civil Rule 37.1. Any request for relief related to this discovery that does not include the requisite certification is subject to being stricken or summarily denied.

## CONCLUSION

As set forth above, Plaintiff's Motion for Discovery (Doc. No. 58) is GRANTED IN PART and DENIED IN PART.

Within 30 days after the conclusion of the parties' pre-hearing discovery, Plaintiff shall file a renewed motion challenging the Government's scope-of-employment certification and substitution. The Court shall set the matter for hearing after briefing on the renewed motion is completed.

IT IS SO ORDERED this 29th day of September, 2023.

*Charles B. Godwin*

CHARLES B. GOODWIN
United States District Judge